Bettye Ann WHITTAKER, on behalf of herself and all others similarly situated, Plaintiff,

v.

DEPARTMENT OF HUMAN RE-SOURCES OF the STATE OF GEORGIA, Defendant.

Civ. A. No. C79–2311A.

United States District Court, N. D. Georgia, Atlanta Division.

May 15, 1980.

W. Fred Orr, II, James G. Edwards, II, Decatur, Ga., for plaintiff.

Wayne P. Yancey, Asst. Atty. Gen., Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

The plaintiff Bettye Ann Whittaker is a black woman who was a probationary employee with the Department of Human Resources of the State of Georgia until she was discharged. The plaintiff seeks to maintain this suit as a class action, brought for herself and on behalf of all others similarly situated, against the Department of Human Resources for violations of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. §§ 2000e, *et seq.* Now pending before the court are four motions: Defendant's Motion for Partial Dismissal of Class Allegations; Defendant's Motion for Partial Summary Judgment; Defendant's Motion for a Protective Order; and Plaintiff's Motion for Certification of the Class.

*PARTIAL SUMMARY JUDGMENT*

■ Defendant moves for partial summary judgment on plaintiff's charges of sex discrimination arguing that the plaintiff presented no claim of sex discrimination to the Equal Employment Opportunity Commission (EEOC) during its administrative investigation. The filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a civil action

under Title VII.[1] The scope of the judicial complaint is governed by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). The Fifth Circuit has quoted with approval the test stated in *King v. Georgia Power Co.*, 295 F.Supp. 943, 947 (N.D.Ga. 1968): The judicial complaint " 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.' " *Id.*

To its motion for partial summary judgment the defendant attached a copy of the EEOC charge which the plaintiff filed with the agency. Plaintiff stated on the charge form, "I feel that I have been discriminated against because of my race (Black) by being discharged from my job unfairly in violation of Title VII of the Civil Rights Act of 1964, as amended." On the EEOC form in the space labelled "Cause of Discrimination," plaintiff marked the box "race or color." Plaintiff did not mark the box labelled "sex."

The defendant also attached to its motion for partial summary judgment a copy of the EEOC's determination. In its determination, the EEOC summarized Whittaker's charge: "Charging Party alleges that the Respondent engages in unlawful employment practices . . . by unfairly discharging her from her job because of her race (Negro)." The EEOC's finding showed that "two Caucasian employees on working test accumulated a greater number of absences than did Charging Party, but were neither reprimanded nor terminated. Evidence shows Charging Party was replaced by a Caucasian male." The EEOC went on to say, "It is also undisputed that the number of Negroes on the staff during the year studied is disproportionately low; while at the same time, the discharges for Negroes is disproportionately high. Absent evidence to the contrary, we must conclude that race was at least a factor in Charging Party's discharge. . . ."

In her response filed on January 22, 1980, plaintiff argues that the court should hold in abeyance defendant's motion for partial summary judgment on the allegations of sex discrimination until this court considers and rules upon plaintiff's motion for certification of this case as a class action. Plaintiff states that because discovery is incomplete, ruling on defendant's motion is inappropriate.

■ The plaintiff has failed to demonstrate under Fed.R.Civ.P. 56(f) how a delay for more discovery would help her to oppose defendant's partial summary judgment motion. Rule 56(f) permits a party opposing a summary judgment motion to file affidavits stating why he is unable to present by affidavit facts justifying his opposition; Rule 56(e) prescribes the form of affidavits. When the requirements of Rule 56(f) are met, the court may deny the summary judgment motion, permit a continuance, order more discovery or make any order which is fair.

■ In this case, plaintiff has not filed any affidavit showing why a delay or more discovery would be helpful, as required by Rule 56(f). But the court does not rest its decision to reach the merits of defendant's motion for partial summary judgment on the technical ground of plaintiff's non-compliance with Rule 56(e) and (f). Instead, the court finds that more discovery would not aid the plaintiff in presenting evidence on the scope of plaintiff's charge filed with the EEOC and the scope of the EEOC investigation. The plaintiff has attached to her motion for class certification her own

---

1. The court chooses to consider this motion first because it perhaps should have been filed as a motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The requirement, that to bring a civil action a plaintiff must have timely filed a charge with the EEOC, has been held to be jurisdictional. *E. g., Proph-* *et v. Armco Steel, Inc.*, 575 F.2d 579 (5th Cir. 1978). The proper scope of the civil action as determined by the complainant's charge and the EEOC investigation has been considered on a motion to dismiss. *E. g., Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970).

affidavit, her correspondence with the Department of Human Resources and other state officials, a copy of the charge filed with the EEOC, the EEOC's determination, an EEOC letter notifying plaintiff that her case was being sent to the Justice Department, the right-to-sue letter from the Justice Department and a letter from the plaintiff to the EEOC. The right-to-sue letter from the Justice Department notified the plaintiff of her right to inspect the EEOC investigative file, invited her or her attorney to contact Ms. Betty A. Adams of the EEOC with questions and gave Ms. Adams' address. The court finds that the plaintiff has had ample opportunity to develop facts justifying her opposition to defendant's motion for partial summary judgment, see *H. Kessler & Co. v. EEOC*, 472 F.2d 1147 (5th Cir. 1973), and the court will decide the issue on the basis of the information now before it, including the documents the plaintiff filed in support of her motion for class determination.

■ The court finds that the plaintiff's charge filed with the EEOC and the investigation of the EEOC were limited to allegations of racial discrimination. The plaintiff in her charge stated, "I feel that I have been discriminated against because of my race (Black) . . ." In its determination, the EEOC summarized the charge as one of "unlawful employment practices . . . by unfairly discharging her from the job because of her race (Negro)." The EEOC's findings of fact were that two whites had poorer work records than the plaintiff but were neither reprimanded nor discharged and that the plaintiff was replaced by a white male. The EEOC's determination reveals that the agency examined statistical evidence for employment of Negroes. The EEOC concluded that "race was at least a factor in Charging Party's discharge."

The only evidence suggesting that discrimination on the basis of sex was also investigated is the EEOC's finding that the plaintiff was replaced by a white male and plaintiff's letter to the EEOC of February 17, 1977. In her letter, the plaintiff stated that her original charge was "correct but too general to facilitate proper investigation procedures. To be more specific, I contend that my employment was terminated without cause solely for the purpose of creating a vacancy which would enable David Cauthern, a temporary employee to remain employed within the department." Evidently David Cauthern is the white male mentioned in the EEOC report who replaced the plaintiff when she was discharged.

The plaintiff has argued in her motion for class certification that this letter amended her charge to raise discrimination on the basis of sex. The mention in plaintiff's letter of David Cauthern and the EEOC's single reference in its determination to a "white male" do not suggest that discrimination on the basis of sex was either charged by the plaintiff or investigated by the EEOC. The EEOC compared plaintiff's work record to that of white employees, examined statistical evidence for employment of blacks and concluded that plaintiff's *race* was a factor in her discharge.

The court finds that the plaintiff did not charge and the EEOC did not investigate discrimination on the basis of sex. Defendant's motion for partial summary judgment on the allegations in the complaint of discrimination on the basis of sex is GRANTED.

*DEFENDANT'S MOTION FOR PROTECTIVE ORDER*

■ The defendant has moved this court for a protective order prohibiting "any discovery pertaining to plaintiff's allegation of employment discrimination based upon sex or any class action relating to a class of all female employees of the Department of Human Resources." The defendant has also asked the court for a protective order to prohibit "any discovery with relation to any purported class any broader than Black working test employees of the Department of Human Resources who have been dismissed." The court has the power to regulate the discovery process and to prevent discovery of irrelevant information. Fed.R.

Civ.P. 26(c). Because the court has decided that the plaintiff cannot bring a claim based on sex discrimination, information about discrimination on the basis of sex by the Department of Human Resources is unrelated to the plaintiff's individual claim. Since the plaintiff has no claim for discrimination on the basis of sex, she is not a proper representative for a class action suit challenging discrimination on the basis of sex. Therefore, the court GRANTS in part defendant's motion for a protective order and prohibits any discovery related to charges of discrimination by the Department of Human Resources on the basis of sex and any discovery to determine the scope of a class action brought on behalf of female employees. The court DENIES the defendant's motion to limit class discovery on any issue related to race.

## CERTIFICATION OF THE CLASS

██ The other pending motions relate to the issue of class certification. They are defendant's motion for partial dismissal of class allegations and defendant's motion to strike class allegations, and plaintiff's motion for class determination. The court DENIES defendant's motion for partial dismissal of class allegations relating to discrimination on the basis of sex. The defendant does not state which of the Federal Rules of Civil Procedure forms the basis of the motion for partial dismissal of class allegations. One leading commentator has stated that "one opposing the class action may move for an order determining that the action may not be maintained as a class suit." 3B Moore's Federal Practice ¶ 23.50, p. 23–421. Professor Moore points out in a footnote that "[t]he proper way to test class action treatment is a motion under Rule 23(c)(1), not a motion to dismiss . . . under Rule 12(b)(6)." *Id.* at n. 11. The court finds that the motion to dismiss class allegations, filed with defendant's answer, is premature. The motion is DENIED.

██ The plaintiff's motion for class determination and the defendant's motion to strike class allegations raise the question whether this court should certify this case as a class action under Fed.R.Civ.P. 23(b)(2). Discovery on issues relating to the class certification may have halted because of the defendant's motion for a protective order. The parties are given 30 days from the date of this order to complete class discovery. The clerk is directed to resubmit in 30 days the plaintiff's motion for class determination and the defendant's motion to strike class allegations.

The plaintiff has asked the court to hold an evidentiary hearing regarding her motion for class determination. The court will hold this hearing and will notify the parties when it is scheduled. Counsel for each of the parties shall prepare proposed findings of fact and conclusions of law on the issue of class certification. Each of the proposed findings of fact shall cite that portion of the record which supports the proposed finding. The conclusions of law shall be specifically directed to each of the requirements under Fed.R.Civ.P. 23.

Three copies of the proposed findings of fact and conclusions of law are to be served upon opposing counsel at the hearing. One copy shall be filed with the court. Upon receiving the proposed findings of fact and conclusions of law from the opposing side, each counsel shall then: (a) underline with red pencil those portions which counsel disputes, (b) underline with blue pencil those portions which counsel admits, and (c) underline with yellow pencil those portions which counsel does not dispute but deems irrelevant. In this connection the attorneys are to note that they need not come to a uniform conclusion as to an entire proposed finding, or indeed, an entire sentence within a proposed finding. They may agree with part of it, disagree with part of it and/or consider a portion of it relevant.

Upon completion of the foregoing, each counsel shall file two marked copies of the opposing counsel's proposed findings of fact and conclusions of law with the court in chambers, room 2188 and return one marked copy to opposing counsel not later than 3 days after the conclusion of the hearing.

The defendant's motion for partial summary judgment is GRANTED. The de-

fendant's motion for dismissal of class allegations is DENIED. The defendant's motion for a protective order is GRANTED IN PART and DENIED IN PART. The plaintiff's motion for class determination and defendant's motion to strike class allegations are ordered resubmitted within 30 days from the date of this order.

SO ORDERED.