**Stanley A. RABZAK, Appellant,**

v.

**COUNTY OF BERKS.**

No. 86–1609.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6) Feb. 20, 1987.

Decided March 31, 1987.

18

Stanley A. Rabzak, pro se.

C. Wilson Austin, Co. Sol., Stephen B. Lieberman, Asst. Co. Sol., Reading, Pa., for appellee.

Johnny J. Butler, Acting General Counsel, Gwendolyn Young Reams, Associate General Counsel, Mark S. Flynn, Acting Asst. General Counsel, Washington, D.C., for E.E.O.C., amicus curiae.

Before WEIS, BECKER and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

This is an appeal by the plaintiff, Stanley A. Rabzak, from a summary judgment for the defendant, the County of Berks, Pennsylvania, in the District Court for the Eastern District of Pennsylvania. The plaintiff brought suit against the defendant under the Age Discrimination in Employment Act for reinstatement and monetary relief by reason of his discharge from employment as an accountant with the Berks County Home, which, he alleged, was because of his age. The Act provides that an action may not be brought under it unless the plaintiff has filed with the Equal Employment Opportunity Commission a charge alleging unlawful discrimination within a limited time, in this case 300 days, after the unlawful discharge occurred. Holding that the letter upon which the plaintiff relied as the required charge was not a charge within the meaning of the Act and that the plaintiff had, accordingly, not satisfied the condition precedent to bringing suit under the Act, the district court entered summary judgment for the defendant. In so doing, the district court relied upon the opinion of this court in *Bihler v. Singer Co.*, 710 F.2d 96 (3d Cir.1983). Since we think that this reliance was misplaced and that the letter upon which the plaintiff relies was adequate to constitute a charge within the meaning of the Act, we will reverse and remand for further proceedings on the merits.

The Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621–634, (herein the Act) gives a federal cause of action to individuals who have been discriminated against in their employment on account of age. The Act originally delegated enforcement duties to the Secretary of Labor. But by Reorganization Plan No. 1 of 1978, § 2, 43 Fed.Reg. 19807, 92 Stat. 3781, these functions were transferred to the Equal

Employment Opportunity Commission (herein the Commission). The Act requires that prospective plaintiffs provide the Commission with an opportunity to resolve the dispute without recourse to litigation before bringing suit. To this end section 7(d) provides:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—
>
> .   .   .   .   .
>
> (2) ... within 300 days after the alleged unlawful practice occurred ...[1] Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference and persuasion. 29 U.S. C.A. § 626(d).

In the present case, the plaintiff's employment was terminated by the defendant on May 3, 1984, and on October 14, 1984, he mailed to the Commission the following letter:

October 14, 1984
Equal Employment Opportunity Commission
Office of Information
Staff Attorney
Department of Labor Building
Fourteenth Street and Constitution Avenue
Washington, D.C.

Reference: Inquiry Age discrimination, employed by a County of Berks, PA. for eight years
Dear Gentlemen:

I would like to be directed to the office that would handle my particular concern regarding my right of employment. I can not afford an attorney; I am pro se in Chapter 13, voluntary bankruptcy, I am also being sued for divorce and my former employer the County of Berks told me my job was being eliminated. First, I was employed by the County of Berks for eight years as the financial accountant completing the Medicare Cost Report and the Medicaid, solely. On or about two years I go, I was 42 years old, I was instructed to train my new superior as to how to complete the cost reports. May 1984, I was told my job is being eliminated and was given a letter of reference that I assisted in the completion of costs reports.

After four months of unemployment I have secured a position with salary to match my previous position and above unemployment compensation. However in my search for employment I felt I was being black ball. Further I feel I have been discriminated by an employer who receives federal funds Medicare, because I was replaced by a man of under forty years of age. The prime reason for my replacement, and not for the socalled reason, a funding reduction.

Very truly yours,
(Signed) Stanley A. Rabzak

This letter was erroneously addressed to the Commission at the Department of Labor Building in Washington. However, it appears that the Department of Labor forwarded the letter to the Commission which received it on November 30, 1984, well within the period of 300 days after May 3, 1984, prior to the expiration of which the plaintiff was required by the Act to file his charge of discrimination. Subsequently, the plaintiff filled out a standard "Charge of Discrimination" form furnished by the Commission describing the same discriminatory action of the defendant complained of in his letter of October 14, 1984. This form was signed by the plaintiff and sworn to before a notary public on March 15, 1985. However, since that was more than 300 days after the discharge complained of, it was ineffective to qualify the plaintiff to bring the present suit, which must, there-

---

1. Prospective plaintiffs under the Act have 300 days to file a charge with the Commission in states that have a procedure for conciliation by state agencies and 180 days to do so in states which do not have such procedure. 29 U.S.C.A. § 626(d). Pennsylvania falls within the former category. See 43 P.S. § 959.

fore, rest upon the validity of the October 14, 1984, letter as a charge of discriminatory action by the defendant within the meaning of the Act.

■ The defendant strongly urges that the October 14, 1984, letter is not a statutorily sufficient charge of discrimination. In considering this question, we must bear in mind that the charge-filing provisions are to be liberally construed. *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir.1983); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 192–193 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92, 93–94 (8th Cir.1975). That principle rests upon the premise that an anti-discrimination statute, such as the Act here involved, is humanitarian legislation which should be liberally interpreted to effectuate the congressional purpose of ending discrimination and that Congress envisioned that charges would mostly be filed by laymen unassisted by lawyers. *Stearns v. Consolidated Management, Inc.*, 747 F.2d 1105, 1112 (7th Cir.1984); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). The regulations promulgated by the Commission under the Act provide:

> A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s). Charges received in person or by telephone shall be reduced to writing. 29 CFR § 1626.6.

In the conference report on the 1978 amendments to the Act, it is said:

> [T]he basic purpose of the notice requirement ... is to provide the [Commission] with sufficient information so that it may notify prospective defendants and to provide the [Commission] with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation. H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 12 (1978), 1978 U.S.Code Cong. & Admin.News 504, 534.

■ We are satisfied that the October 14, 1984, letter sufficiently named the prospective respondent, the present defendant,

and generally alleged the discriminatory act complained of, the discriminatory discharge of the plaintiff on the basis of age. We regard the *Bihler* case as distinguishable. In that case the letter relied on by Bihler was addressed to his former employer, not to the Commission. It sought reinstatement and merely threatened legal action if satisfactory action was not taken by the employer. Thus, although it contemplated filing a formal charge of discrimination with the Commission in the future, this court held that it was not itself such a charge. We hold that the letter addressed by the present plaintiff to the Commission on October 14, 1984, did constitute a charge of unlawful discrimination complying with the requirement of the Act as a condition of bringing suit. Having been sent to the Commission within the 300–day time limit, it freed the plaintiff to bring the present suit. The district court was, therefore, in error in entering summary judgment for the defendant for failure to comply with the "charge" requirements of the Act.

The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.