Nettie BUFFINGTON, Plaintiff,

v.

GENERAL TIME
CORPORATION, Defendant.

Civ. A. No. 87–49–ATH.

United States District Court,
M.D. Georgia,
Athens Division.

Jan. 15, 1988.

John M. Clark, Elberton, Ga., Willie J. Woodruff, Jr., Toccoa, Ga., for plaintiff.

William K. Principe, Constangy, Brooks & Smith, Atlanta, Ga., for defendant.

FITZPATRICK, District Judge.

Plaintiff Nettie Buffington brings the above-referenced action alleging that her employer, Defendant General Time Corporation, discriminated against her during the course of her employment because of her race and age. Plaintiff claims Defendant has violated the following United States Code provisions: 42 U.S.C. § 2000e *et seq.* which prohibits an employer from discriminating against an employee on the basis of race, color, religion, sex, or national origin; 42 U.S.C. § 1981 which guarantees that all persons within the jurisdiction of the United States shall enjoy the full and equal benefit of all laws of the United States; and 29 U.S.C. § 621 which prohibits arbitrary age discrimination in employment. Pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, Defendant moves the court to dismiss Counts Four, Five and Six of Plaintiff's Complaint on the ground that the claims raised therein were not raised in the charge Plaintiff filed with the Equal Employment Opportunity Commission (EEOC), or alternatively, on the ground that the claims are time-barred. Defendant also moves the court under Rule 11 of the Federal Rules of Civil Procedure for an award of costs and attorney's fees incurred in filing its Motion to Dismiss.

## I. BACKGROUND

Defendant General Time is incorporated under the laws of the State of Delaware and is qualified to do business in the State of Georgia. Plaintiff, a black female, began working for Defendant in 1966. At some point in 1980, Plaintiff became a labor grade 4 material handler in the Defendant company.

On January 1, 1986 Defendant combined Departments 360 and 361 at its Athens, Georgia plant. Plaintiff had been the material handler in Department 360, and Diane Morgan, a white female, had been the material handler in Department 361. At the time of the department merger, Morgan bid on a labor grade 8 job, and on March 4, 1986 Morgan was selected for a labor grade 8 position. Plaintiff also bid for a labor grade 8 job at the time of the merger but was unsuccessful. Plaintiff found out that she had not been selected for a labor grade 8 job in April, 1986. Plaintiff was told she did not receive a labor grade 8 job because she did not possess the required skill, ability, and qualifications. After her unsuccessful bid, Plaintiff continued as a material handler in the newly combined departments.

Following the merger a new position was created to fill the void left by Morgan's promotion. In this new position an employee would work four hours at labor grade 4 as a material handler and four hours at labor grade 2 as a rework operator. Ethel Howington, a white female, was chosen for this new position. Plaintiff claims that she and Howington received the same amount of material handling work even though Howington was supposed to be only a part-time material handler.

After Howington had worked in the new position for approximately five to six months, Defendant elected to eliminate one of the material handler positions in the combined departments. A decision had to be made as to who would retain the material handler job. Howington was chosen to keep the full-time position because she had more seniority in the company than did Plaintiff. Following this job reorganization, Plaintiff was offered the position vacated by Howington, *i.e.,* four hours at labor grade 2 as a rework operator and four hours at labor grade 4 as a material handler. Plaintiff refused to take Howington's old job which paid less than the full time material handler job Plaintiff had lost. Plaintiff also refused to accept a labor grade 1 position offered to her because it paid less than her former labor grade 4 material handler job. Plaintiff, however, did accept a full-time machine job at labor grade 4 which she claims pays less than a material handler position at labor grade 4.

On September 30, 1986 Plaintiff filed a response to an EEOC Employment Discrimination Questionnaire. Plaintiff's response included a factual statement addressing alleged discriminatory acts on the part of Defendant. In her statement Plaintiff

claimed that she was denied a promotion to a labor grade 8 position because of her race[1] and age.[2] In addition, Plaintiff seemed to raise an age discrimination claim in the statement concerning her removal from a labor grade 4 material handler position to a labor grade 4 position that paid less money.[3]

After responding to the Questionnaire, Plaintiff filed a formal charge with the EEOC on November 8, 1986. While the November 8th charge clearly raised a claim of race discrimination, the charge failed to mention age discrimination. Plaintiff also failed to raise a claim relating to a denial of promotion in the November 8th charge. A plain reading of the charge and the correspondence related to the charge reveals that the only complaint raised by Plaintiff, and the only one investigated by the EEOC, was that Plaintiff had been discriminatorily removed from her labor grade 4 material handler position because of her race.

## II. DISCUSSION

Defendant moves the court to dismiss Counts Four, Five, and Six of Plaintiff's Complaint. In Counts Four and Five of her Complaint, Plaintiff Buffington claims that certain officials of Defendant company refused to promote her because of her race and age. In Count Six Plaintiff contends that she was removed from her labor grade 4 material handler job because of her age. Defendant contends that Plaintiff's failure to raise the denial of promotion and age discrimination claims in her November 8, 1986 EEOC charge precludes Plaintiff from pursuing these claims before this court. Defendant also argues that even if the court finds that Plaintiff raised a pro-

motion claim in her EEOC charge, the claim was not filed within the 180–day limitation period, and therefore, Plaintiff cannot assert the promotion claim in this civil action.

Plaintiff contends that she filed a charge with the EEOC on September 30, 1986, when she filed her response to the EEOC Questionnaire. Plaintiff further contends that she raised both an age discrimination claim and a denial of promotion claim in her response to the Questionnaire, and therefore, she is entitled to pursue those claims in this action. Plaintiff also argues that the 180–day limitation period does not preclude her from asserting her promotion claim in this action since Defendant engaged in a series of acts, the last one occurring on September 11, 1986, which adversely affected Plaintiff's "overall upward mobility" in the company.

The overriding issue before this court is whether Plaintiff can pursue her promotion and age claims under Title VII and the Age Discrimination in Employment Act (ADEA). In deciding the dispositive issue, the court must consider four separate sub-issues. First, whether Plaintiff's promotion and age discrimination claims are barred by the 180–day limitations period set forth in Title VII and the ADEA; second, whether Plaintiff's response to the EEOC Employment Discrimination Questionnaire can be considered a discrimination "charge" as contemplated under 42 U.S.C. § 2000e–5(e) and 29 U.S.C. § 626(d); third, if the court finds the Questionnaire was not a "charge" of discrimination, whether the denial of promotion and age discrimination claims raised by Plaintiff in this action are like or related to the claims she asserted in

---

**1.** Plaintiff's EEOC Employment Discrimination Questionnaire was filed as Exhibit 1 to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and Motion for Costs and Attorney's Fees under Rule 11. On page seven of the Questionnaire, Plaintiff made the following statement concerning the denial of a promotion on the basis of race: "[t]hey use qualifications skills and ability when they do not want blacks in the higher labor grades."

**2.** On page nine of the Questionnaire, Plaintiff made the following statement in reference to

Defendant's assertions that Plaintiff had been refused a promotion because she lacked the required skills and ability: "[a]t my age I can do whatever they do and better."

**3.** In support of her claim that she was discriminatorily removed from her labor grade 4 material handler position because of her age, Plaintiff made the following statement on page five of the Questionnaire: "[w]hen Ed Snelling became our foreman he did not like the idea of having a black *older* lady for his material handler."

the formal charge filed with the EEOC on November 8, 1986; and fourth, whether Plaintiff's promotion and age claims can be considered by the court in this action if such claims are barred by the procedural obstacles of Title VII and the ADEA.

## A. The 180–day Limitation Period

The first consideration for the court is whether Plaintiff's promotion claim was timely filed. Both section 2000e–5(e) of Title VII of the Civil Rights Act of 1964, and section 626(d) of the ADEA require an individual to file a charge of discrimination within 180 days of the date when the alleged discriminatory act occurred. 42 U.S.C. § 2000e–5(e) (1982); 29 U.S.C. § 626(d) (1982). The Supreme Court has held that the 180–day period for filing a charge of discrimination is intended to operate as a statute of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94, 102 S.Ct. 1127, 1132–33, 71 L.Ed.2d 234 (1982). Unless equity requires that the 180–day requirement be waived or tolled, an individual who fails to file a charge of discrimination within the 180–day period is prohibited from pursuing a civil action under either Title VII or the ADEA to redress the alleged unlawful employment practice. *Id.*

■ According to the evidence in the record, it appears that the alleged discriminatory denial of promotion Plaintiff complains of occurred no later than April, 1986.[4] Plaintiff, however, waited until November 8, 1986 to file her formal EEOC charge. Therefore, even if the court interprets the discriminatory act to have occurred on the last day in April, it would seem that Plaintiff's EEOC charge was filed after the 180–day period had expired.

In her Complaint, however, Plaintiff alleges that she was denied more than one promotion. Plaintiff contends that with respect to her promotions, the discriminatory

acts of Defendant occurred over a period of time and not on one specific occasion. In her Brief in Opposition to Defendant's Motion to Dismiss, Plaintiff alleges that "[d]iscrimination in promotion constitute [sic] a continuing employment practice in violation of Title VII." Plaintiff complains that her "overall upward mobility with the defendant" was hampered on several occasions during the course of her employment, the last such occasion taking place on September 11, 1986, when Defendant eliminated Plaintiff's labor grade 4 material handler position. Plaintiff contends that her upward mobility was stifled because of her race and age.

Plaintiff cites *Clark v. Olinkraft, Inc.*, 556 F.2d 1219 (5th Cir.1977), *cert. denied*, 434 U.S. 1069, 98 S.Ct. 1251, 55 L.Ed.2d 772 (1978) in support of her position that the denial of promotions over a period of time constitutes a "continuing violation" for purposes of tolling the running of the 180–day limitations period. The *Clark* case involved a bargaining agreement between a union and an employer which was intended to remedy any past discriminatory practices in the promotion system of the defendant employer. The agreement, which went into effect on August 12, 1974, replaced the old promotional system and allowed female employees to compete for promotions based on company seniority.

The plaintiff in *Clark* filed an EEOC charge on March 5, 1975 alleging she had been denied job promotions and pay because of her sex. The employer moved to dismiss the civil action on the grounds that since the discriminatory practices ceased as of the effective date of the agreement, any alleged discriminatory acts with respect to promotion necessarily had to occur more than 180 days prior to the filing of the Plaintiff's EEOC charge. The district court granted the defendant's motion to dismiss.

---

4. Plaintiff Buffington claims that she did not find out about all the promotions to labor grade 8 jobs until April, 1986. The 180–day limitation period does not begin to run until the facts which would support a cause of action for employment discrimination "'are apparent or should be apparent to a person with a reason-

ably prudent regard for his rights.'" *Bryant v. Western Elec. Co., Inc.*, 572 F.2d 1087, 1088 (5th Cir.1978) *quoting Reeb v. Economic Opportunity Atlanta*, 516 F.2d 924 (5th Cir.1975); *see Stafford v. Muscogee County Bd. of Educ.*, 688 F.2d 1383, 1387 (11th Cir.1982).

On appeal, however, the Fifth Circuit noted that the plaintiff in *Clark* had alleged in her complaint that even after the effective date of the agreement, men with less company seniority were promoted ahead of her. Viewing the defendant's motion to dismiss as a summary judgment motion,[5] the court found that a critical disputed factual question remained "concerning the active discrimination that continued beyond the effective date of the agreement." *Id.* at 1223. The court of appeals held that the allegations raised by the plaintiff in her complaint brought her case within the doctrine of continuing violations. *Id.* at 1221–22. The court further held that because the plaintiff was alleging a continuing violation, her action was not time-barred. *Id.* at 1223.

■ In the present action, Plaintiff Buffington alleged in her Complaint that she had bid for promotions on different occasions, and each time was told that she would not be promoted because of her lack of experience, skill, or ability. Plaintiff alleges that she possessed the requisite experience and seniority to be promoted, but was denied promotions because of her race and age. Plaintiff also asserts in her Complaint that "the defendant's acts of discrimination have been continuing in nature and have taken place from January, 1986 through September, 1986." Plaintiff's Complaint, p. 4, ¶ 14.

■ The court is persuaded that a denial of promotions over time constitutes an alleged continuous unlawful employment practice on the part of Defendant General Time. The court finds that for purposes of Defendant's Motion to Dismiss, Plaintiff Buffington has raised sufficient allegations to bring her case within the "continuing violation" doctrine enunciated in *Clark*. Therefore, the court finds that Plaintiff's promotion and age claims are not time-barred since these claims are based on a number of alleged promotion denials that occurred throughout Plaintiff's course of employment.[6]

**B. The EEOC Charge**

Upon concluding that Plaintiff's age and promotion claims are not barred by the 180–day limitation period set forth in 42 U.S.C. § 2000e–5(e) and 29 U.S.C. § 626(d), the court must determine whether Plaintiff Buffington raised the promotion and age claims in an EEOC charge, thereby satisfying the statutory requirements set forth in Title VII and giving her the right to assert those claims in this civil action.

In considering whether Plaintiff Buffington raised her promotion and age claims in an EEOC charge, this court must determine whether Plaintiff Buffington's response to the EEOC Questionnaire is the equivalent of an EEOC charge, and if it is not, whether the promotion and age claims are "like or related" to those claims assert-

---

**5.** The appellate court noted that it appeared from the order that the trial judge had considered a deposition in making his decision. The appellate court concluded, therefore, that the motion to dismiss should be considered as a motion for summary judgment. *Clark*, 556 F.2d at 1221. *See* Fed.R.Civ.P. 12(b) (a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to be converted into a motion for summary judgment whenever the court considers matters outside the pleadings).

**6.** Defendant cites *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), in support of its argument that Plaintiff's claim of continuing discrimination must fall since Plaintiff is not suffering from a present violation. In *Evans* the Supreme Court held that where an employee is claiming continued discrimination, "the critical question is whether

any present *violation* exists" (emphasis in the original text). *Id.* at 558, 97 S.Ct. at 1889. Under *Evans* the critical question is whether the employee has been a victim of unlawful discrimination within 180 days of filing the complaint. *See Clark*, 556 F.2d at 1224 (Coleman, J. dissenting). Plaintiff Buffington has alleged that the discriminatory acts of Defendant lasted until September, 1986. When considering a 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and take the allegations of the complaint as true. *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). Accordingly, under Plaintiff's version of the facts, Defendant's last discriminatory act occurred in September, 1986 when Plaintiff was forced to give up her material handler job. Therefore, Plaintiff satisfies the "present violation" test set forth in *Evans*.

ed in Plaintiff Buffington's formal EEOC charge of November 8, 1986.

■ According to the review procedure set forth in Title VII, an employee must file a complaint with the EEOC before bringing a charge of discrimination in a federal court. 42 U.S.C. § 2000e–5(f)(1) (1982). Upon the filing of a charge, the EEOC conducts an investigation into the alleged discriminatory practices of the employer. 42 U.S.C. § 2000e–5(b) (1982). Following the EEOC investigation, the employee may file suit in district court upon receipt of a right to sue letter. 42 U.S.C. § 2000e–5(f)(1) (1982). Under the procedure established in Title VII, an employee must completely exhaust the administrative remedies available from the EEOC before filing suit in federal court. *Beverly v. Lone Star Lead Constr. Corp.*, 437 F.2d 1136, 1139–40 (5th Cir.1971). Consequently, an aggrieved employee may not bypass the administrative process with a direct appeal to the courts. *Id.; Eastwood v. Victor Temporaries*, 441 F.Supp. 51, 52 (N.D.Ga.1977).

■ In determining the permissible scope of an employment discrimination complaint brought under Title VII, the district court must first look to the EEOC charge and investigation. *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir.1983). The claims of discrimination in the Title VII complaint must be "like or related" to the claims set forth in the plaintiff's EEOC charge and those investigated by the Commission. *Id.* at 928.

The "like or related" to test used to determine the permissible scope of a Title VII complaint was developed in *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970). The *Sanchez* court held that a Title VII plaintiff's complaint

> may encompass any kind of discrimination like or related to allegations contained in the [EEOC] charge and growing out of such allegation during the

pendency of the case before the Commission. In other words, the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Id.* at 466, *quoting King v. Georgia Power Co.*, 295 F.Supp. 943, 947 (N.D.Ga.1968) (citation omitted).[7] A Title VII plaintiff is precluded from pursuing any claims in a federal court action that are not "like or related" to the claims asserted by the plaintiff in his or her EEOC charge, or that could not reasonably be expected to arise during the course of the EEOC investigation. *Id.*

■ One main point of conflict in the present case is that while Plaintiff Buffington alluded to promotion and age claims in her response to the Questionnaire, she failed to assert these claims in her EEOC charge. Plaintiff contends that her response to the Questionnaire was the equivalent of a "charge." Defendant contends that the Questionnaire was not a "charge," and the promotion and age claims were not raised in the November 8th formal charge. If the court finds that Plaintiff's response to the Questionnaire was a "charge" of discrimination for purposes of satisfying Title VII, the court need not address the issue of whether the promotion and age claims are "like or related" to the claims raised by Plaintiff in her formal EEOC charge filed on November 8, 1986. For the reasons set forth below, however, the court refuses to find that Plaintiff's response to the Questionnaire was the equivalent of a "charge" of discrimination as contemplated under Title VII, and therefore, the court must also consider whether the promotion and age claims are "like or related" to those claims raised in the November 8th charge.

The court has found no case in this circuit which considers whether a response to an EEOC Employment Discrimination Questionnaire can be considered a

---

7. The Eleventh Circuit has adopted the "like or related" test in several recent cases. *See, e.g., Turner v. Orr*, 804 F.2d 1223, 1226 (11th Cir. 1986) (specific claim of denial of promotion in Title VII action was "like or related" to plain-

tiff's overall charge of discrimination in "promotion"); *Evans*, 696 F.2d at 928 (plaintiff's Title VII action included members whose claims were not "like or related" to the EEOC charge filed by plaintiff and investigated by EEOC).

"charge" of discrimination as contemplated under Title VII.[8] This court, however, is persuaded by the opinion in *Proffit v. Keycom Elec. Pub.*, 625 F.Supp. 400 (N.D.Ill. 1985) in which Judge Shadur held that a response to an EEOC Questionnaire does not constitute a sufficient "charge" under section 2000e–5(b).

As noted by the court in *Proffit*, the statutory definition of a charge requires that it be in writing and signed under oath or affirmation, 42 U.S.C. § 2000e–5(b), whereas a response to an EEOC Questionnaire need not be signed under oath. In addition, the EEOC regulations draw a distinction between the Questionnaire and the sworn charge. Regulation § 1601.6 states the following:

> The commission shall receive information concerning alleged violations of Title VII from any person. Where the information discloses that a person is *entitled to file a charge with the Commission*, the appropriate officer shall render assistance in the filing of a charge (emphasis added).

As further stated in *Proffit*, the EEOC uses the Questionnaire "to determine the existence of 'potential charges,' to provide 'pre-charge counseling,' and 'to solicit information to enable the Commission to avoid the intake of matters not within its jurisdiction.'" *Proffit*, 625 F.Supp. at 404.

Accordingly, the court finds that Plaintiff Buffington's response to the Questionnaire was not a "charge" of discrimination as contemplated under Title VII.

■ Following the determination that the EEOC Questionnaire did not constitute a "charge" of discrimination, the court must decide whether the promotion and age claims raised by Plaintiff Buffington in her Title VII action are "like or related" to those claims asserted in her November 8th EEOC charge.

In her November 8th charge, Plaintiff Buffington made the following statements:

> I. On September 11, 1986, I was involuntarily transferred from my Material Handler job to a Lever Production job. I have worked for the company since February 1966.
>
> II. Boris Rice (white), Superintendent, and Ed Snelling (white), Foreman, allegedly transferred me in favor of someone with more seniority.

**8.** In *Tillman v. City of Boaz*, 548 F.2d 592 (5th Cir.1977), the Fifth Circuit held that the plaintiff's letter to the EEOC, which specifically charged the city with an unlawful employment practice and which was incorporated by reference into the EEOC charge form, was sufficient to constitute a charge of discrimination for purposes of Title VII. The *Tillman* court noted that in addition to its incorporation by reference into the EEOC charge, the letter acted as a guidepost for the EEOC investigation. *Id.* at 594. The *Tillman* case is distinguishable from the facts of the instant case. Although Plaintiff Buffington's response to the Questionnaire alleged unlawful employment practices of Defendant, it was not incorporated by reference into her charge, nor did the response guide the investigation of the EEOC. The EEOC investigation, of which Plaintiff was aware, focused only on Plaintiff's claim that she was transferred to a lower paying job because of her race.

The court also recognizes that the Third Circuit Court of Appeals recently held that a letter from a plaintiff to the EEOC constituted a sufficient charge of unlawful discrimination under the requirements of the ADEA. *Rabzak v. Berks County*, 815 F.2d 17, 20 (3d Cir.1987). In addition to the fact that *Rabzak* is not binding precedent in this circuit, the court notes that the letter in *Rabzak* differs from the Questionnaire in the present case. While the EEOC could consider a letter to be a charge, the EEOC uses the Questionnaire only as an information gathering tool. The Commission uses the information in the Questionnaire to aid employees in filing their formal charges of discrimination. This court notes that if it were to hold that a response to an EEOC Questionnaire is the equivalent of a charge, the EEOC would be placed under a heavy burden to decipher every word in the Questionnaire response to determine the different grounds for discrimination the employee could raise. While the Commission could consider a letter as a charge, it does not consider a response to a Questionnaire to be a charge, and this court will not rewrite the Commission's regulations.

In Plaintiff Buffington's response to the Questionnaire, she made only an indirect allusion to her age as a basis for the discrimination, *see supra* note 2. In her formal charge, however, Plaintiff made no mention of age discrimination. The Commission should not be required to scrutinize every jot and tittle of a response to a Questionnaire to determine all possible claims of discrimination when the formal charge exists specifically for that purpose.

III. I believe that I have been discriminated against on the basis of my race (black).

EEOC Charge of Discrimination, filed by Nettie Buffington on November 8, 1986, Attachment A to the Memorandum in Support of Defendant's Motion to Dismiss. The remaining allegations on the charge support Plaintiff's claim that she was discriminated against because of her race with respect to her involuntary transfer to the lever production job.

Noticeably absent from Plaintiff's EEOC charge are any claims relating to a denial of promotion or discrimination on the basis of age. Documentation in the record shows that the scope of the EEOC investigation was limited to Plaintiff's claim that she had been involuntarily transferred to a different labor grade 4 job because of her race.[9] Moreover, it does not appear that the EEOC could reasonably have been expected to investigate the promotion and age claims since they were not raised in the charge.

Based on the evidence in the record, the court finds that the promotion and age claims raised by Plaintiff Buffington in her Title VII complaint are *not* "like or related" to those allegations listed in her EEOC charge and investigated by the Commission. Plaintiff did not raise these claims in her charge, and the EEOC has had no opportunity to consider the promotion and age claims. The court's finding is consistent with the policy set forth in *Sanchez* which states: "[n]o issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Sanchez*, 431 F.2d at 467. Moreover, this court's conclusion is supported by the case law in this circuit.[10] *See e.g., Thornton v. Georgia Power Co.*, 31 F.E.P. 901 (N.D.Ga.1980) (employee precluded from suing on sex discrimination claim under Title VII after alleging only race discrimination claim in EEOC charge); *Whittaker v. Dept. of Human Resources of State of Georgia*, 86 F.R.D. 689 (N.D.Ga.1980) (black female employee could not raise sex discrimination claim in Title VII action where she alleged only race discrimination in her EEOC charge); *Eastwood*, 441 F.Supp. at 53 (complaints of harassment due to participation in prior employment investigation not reasonably related to charge of sex discrimination filed with the EEOC).

Accordingly, the court finds that Plaintiff Buffington may not pursue her promotion and age claims under Title VII or the ADEA in the present action.

## C. Plaintiff's Section 1981 Claims[11]

■ The court's finding, however, that Plaintiff's promotion and age claims are

**9.** See Letter from Harris Williams, EEOC District Director, and Letter from Joseph Dineen, Manager–Employee Relations, both of which are included in Attachment A to Defendant's Motion to Dismiss.

**10.** Two recent cases in this circuit, however, have concluded that the claims raised by the employee in a Title VII action *were* "like or related" to those claims asserted in the employee's EEOC charge. *Turner*, 804 F.2d at 1226, and *Fowler v. Taco Viva, Inc.*, 646 F.Supp. 152, 157 (S.D.Fla.1986). Both cases, however, are distinguishable from the case *sub judice.* In *Turner* the employee filed a written complaint, which was investigated by the EEOC, in which he stated that he had been denied promotions in general because of his race. A subsequent promotion plaintiff was raising in his Title VII action occurred during the pendency of the investigation. *Turner*, 804 F.2d at 1226. The court held that based on plaintiff's original charge of denial of promotions, the EEOC reasonably could have been expected to have investigated the subsequent promotion plaintiff was raising in his Title VII action. *Id.* In the facts before this court, Plaintiff Buffington did not raise a promotion claim in her EEOC charge, and the EEOC could not have been expected to investigate a claim that was never asserted.

In *Fowler* the district court noted that the plaintiff's EEOC charge encompassed a broad allegation of discriminatory practices and procedures. *Fowler*, 646 F.Supp. at 157. The court further found that "[a]llegations of unfavorable work assignments can reasonably be expected to grow out of an investigation concerning the general terms and conditions of employment." *Id.* Plaintiff Buffington's charge was limited to her involuntary transfer. Moreover, her EEOC charge did not encompass general working conditions as did the plaintiff's EEOC charge in *Fowler.*

**11.** Under the court's original Order in this case, Plaintiff Buffington was allowed to pursue both her age discrimination and denial of promotion claims under 42 U.S.C. § 1981. After further

not actionable under Title VII or the ADEA, does not deprive Plaintiff of judicial consideration of both of these claims. Plaintiff Buffington raised 42 U.S.C. § 1981 as an alternative statutory basis for relief in her Complaint. Although Plaintiff may not pursue her age discrimination claim under section 1981, *see Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), she may pursue her denial of promotion claim under section 1981 to the extent that the denial of promotions were based on alleged racial discrimination. This conclusion is supported by the ruling of Judge Evans in *Mack v. W.R. Grace Co.*, 578 F.Supp. 626, 632 (N.D.Ga.1983), *cert. denied*, 469 U.S. 805, 105 S.Ct. 62, 83 L.Ed.2d 13 (1984). In *Mack*, after concluding that the plaintiff was precluded from pursuing his promotion, salary, and training claims under Title VII since those claims had not been part of the EEOC investigation, the court found that the promotion, salary, and training claims were cognizable under 42 U.S.C. § 1981 (1982).

As noted by the court in *Mack*, the applicable statute of limitations for monetary claims under section 1981 is the two-year period specified in O.C.G.A. § 9-3-22 (1982) for recovery of wages. *Id.* at 635. In addition, the *Mack* court noted that claims for equitable relief under section 1981 trigger a twenty-year limitations period. *Id.* at 636. The denial of promotions Plaintiff Buffington complains of began in April, 1986. Plaintiff filed her civil action on June 4, 1987. Therefore, Plaintiff Buffington comes within the applicable statutes of limitations, and she may seek back pay as well as declaratory and injunctive relief on her promotion claim under section 1981.

### D. Rule 11 Award of Costs and Attorney's Fees

Defendant has asked the court to award it costs and attorney's fees incurred

in the filing of this Motion to Dismiss. Rule 11 of the Federal Rules of Civil Procedure states that an attorney's signature on a pleading

> constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11. Defendant argues that a reasonable inquiry into the facts and law prior to filing the claim should have resulted in the determination that the promotion claim was time-barred.

As noted above, counsel for Plaintiff had a logical and good faith argument that the promotions were part of an alleged pattern of continuing violations on the part of Defendant. Therefore, the court will not grant Defendant's request for costs and attorney's fees under Rule 11.

Accordingly, the court GRANTS that portion of Defendant's Motion to Dismiss insofar as it addresses Plaintiff's promotion and age claims under Title VII and the ADEA. The court, however, will allow Plaintiff to pursue her promotion claim under 42 U.S.C. § 1981 (1982). It is further ordered that Defendant's request for Rule 11 costs and attorney's fees be DENIED.

---

consideration, however, the court concluded that section 1981 is available as a basis for relief only for race discrimination claims and not for age discrimination claims. *See Johnson v. Railway Express Agency, Inc.*, 421, U.S. 454, 459–60,

95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975); *Evans v. Central of Georgia R.R. Co.*, 619 F.Supp. 1364, 1367 (N.D.Ga.1985). On January 15, 1987, the court's original Order was modified accordingly.