LAWRENCE POLACEK, Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.,* Appellees.

Fifth District No. 5—86—0470

Opinion filed September 14, 1987.

---

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.

Jack A. Strellis, of Strellis and Faulbaum, of Waterloo, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Cynthia M. Bretthauer, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

Moller, Talen, Kuelthau & Welch, of St. Louis, Missouri, and Sullivan & Cromwell, of New York, New York (Mark J. Rubinelli and William A. Ziegler, of counsel), for respondent Amax Zinc, Inc.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Lawrence Polacek, was employed by respondent Amax Zinc, Inc., at its plant in Sauget, Illinois, until he was laid off by that company on September 20, 1983, because he was unable to perform the duties and responsibilities required of his position. Petitioner has developed carpal tunnel syndrome in his hands and wrists, which prevents him from executing his assigned duties. As a result of this lay-

off, petitioner filed a grievance under the grievance procedure provided for by the collective bargaining agreement which covered his employment. The grievance went to arbitration; and on December 5, 1984, the arbitrator entered his decision denying petitioner's grievance. Petitioner thereafter filed a charge of a civil rights violation with the Department of Human Rights (Department) on April 19, 1985, alleging that his layoff on September 20, 1983, violated the Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*) and that since his layoff, Amax had not hired him back. In that charge, petitioner stated the alleged civil rights violation occurred on September 20, 1983, the date he was laid off from work. However, through a separate letter to the Department, petitioner contended that the civil rights violation continued until the date of the arbitrator's decision on December 5, 1984. Subsequently, petitioner submitted a supplement to his complaint, alleging that the violation was still continuing because Amax had not rehired him.

Petitioner's charge was assigned to an investigation committee of the Department of Human Rights for examination. An investigation report was issued, finding petitioner did not comply with the Department's rule and the Human Rights Act provision requiring charges brought to the Department of Human Rights be filed within 180 days of the alleged violation. Stating that the alleged violation that triggered the running of this period was petitioner's layoff on September 20, 1983, rather than the arbitrator's decision on December 5, 1984, the report recommended that the Department lacked jurisdiction to investigate petitioner's charge. Concurring with this finding and recommendation, the Department of Human Rights dismissed petitioner's charge for lack of jurisdiction on February 3, 1986.

Pursuant to the rules of the Human Rights Commission (Commission), petitioner requested review by the Commission of the Department's dismissal of his charge. On June 23, 1986, the Human Rights Commission, having reviewed the matter, found in accord with the Department. Explicitly stating petitioner's underlying cause of action arose on the date he was laid off, September 20, 1983, the Commission determined petitioner's charge was filed untimely and entered its order dismissing petitioner's charge for lack of jurisdiction. It is from this June 23, 1986, order that petitioner brings his present petition for administrative review. The general issue before this court is whether petitioner's charge before the Commission was timely filed.

In pertinent part, section 7—102(A)(1) of the Illinois Human Rights Act provides:

"Within 180 days after the date that a civil rights violation al-

legedly has been committed, a charge in writing under oath or affirmation may be filed with the Department ***." (Ill. Rev. Stat. 1985, ch. 68, par. 7—102(A)(1).)

This 180-day filing requirement is jurisdictional. (*Board of Governors of State Colleges and Universities v. Rothbardt* (1981), 98 Ill. App. 3d 423, 426, 424 N.E. 2d 742, 744-45.) Failure to file a charge within the prescribed time deprives the Department and the Commission of jurisdiction to proceed further. *Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666, 669, 467 N.E. 2d 943, 945.

The facts in the instant case are not contested. Petitioner was laid off from his job at Amax Zinc, Inc., on September 20, 1983, because he could not perform his job responsibilities. After petitioner's union grievance was denied, he filed the instant charge of a civil rights violation with the Department on April 19, 1985, approximately 575 days after the date he was laid off.

Petitioner first contends that the relevant date for commencing the running of the 180-day filing period was the date the arbitration decision denying the grievance was entered, December 5, 1984. Second, he contends that the violation is continuing since Amax has not rehired him. We note that absent any event which would have tolled the filing period, petitioner's charge, filed 575 days after his discharge, was untimely filed and compelled its dismissal for lack of jurisdiction.

■ We first address ourselves to petitioner's assertion that his layoff by Amax was just a "temporary decision" and that the decision did not become final until the arbitration decision was rendered. In effect, petitioner urges that the grievance procedure should toll the running of the 180-day filing period. In this regard, we note that it is appropriate to examine Federal authority "because of the similarities between the Federal and Illinois fair employment enactments" (*Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666, 672, 467 N.E. 2d 943, 947), and an examination of Federal authority indicates that plaintiff's contention that the 180-day filing period was tolled because of the intervening grievance procedure has been considered and rejected by the United States Supreme Court. (*Delaware State College v. Ricks* (1980), 449 U.S. 250, 66 L. Ed. 2d 431, 101 S. Ct. 498; *International Union of Electrical, Radio & Machine Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.* (1976), 429 U.S. 229, 50 L. Ed. 2d 427, 97 S. Ct. 441.) *Delaware State College* and *Electrical Workers* not only specifically hold that the pendency of a grievance procedure does not toll the running of a limitations period, but the *Delaware State College* case explicitly provides that pursuing a grievance does

not make the earlier decision to discharge only temporary. (*Delaware State College v. Ricks* (1980), 449 U.S. 229, 261, 66 L. Ed. 2d 431, 441, 101 S. Ct. 498, 505-06.) In fact, *Delaware State College* holds that mere notification of a discharge, rather than the date of discharge itself, commences the running of the limitations period. (449 U.S. 229, 259, 66 L. Ed. 2d 431, 440, 101 S. Ct. 498, 504.) Correspondingly, where there is a demotion followed by a discharge, the date of discharge is "irrelevant"; it is the date of the demotion that triggers the limitations period. *Smith v. City of Chicago* (7th Cir. 1985), 769 F.2d 408, 413.

In *International Union of Electrical, Radio & Machine Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.* (1976), 429 U.S. 229, 50 L. Ed. 2d 427, 97 S. Ct. 441, the petitioner had been terminated by her employer. She filed a grievance under the terms of the contract between the employer and her union. The grievance was denied. Only then did she file a charge with the Equal Employment Opportunity Commission. Although the 90 days within which a charge was required by the Equal Employment Opportunity Act to be filed had already gone by, her union contended that her termination was not final until the termination of the grievance procedure and that the limitation period did not start running until that time. Her union advanced all the same policy considerations in support of its contention that petitioner advances in the instant case. The Supreme Court rejected the union's request and held that the limitation period began running at the time of her termination, not when the termination was later sustained in the grievance procedure.

Illinois authority is no different. In *Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666, 467 N.E. 2d 943, the employer had, because of petitioner's physical limitations, refused to reinstate petitioner after a leave. Petitioner contended that the Human Rights Act's 180-day limitation period did not begin running until the occurrence of later events and that his complaint, albeit filed more than 180 days after his employer refused to reinstate him, was therefore timely. One of the events that the petitioner urged had extended the 180 days was the denial of a grievance which, in an attempt to regain his position, he had filed in accordance with the collective bargaining agreement. This grievance was denied almost nine months after the respondent had denied him reinstatement on return from his leave. Another event which he contended extended the 180 days was the still later determination by a disinterested physician, in still another procedure invoked by petitioner and provided for by the collective bargaining agreement, that petitioner should not be allowed to work.

The court, quoting from *Delaware State College v. Ricks* (1980), 449 U.S. 250, 261, 66 L. Ed. 2d 431, 441, 101 S. Ct. 498, 506, stated that " '[t]he grievance procedure, by its nature, is a *remedy* for a prior decision, not an opportunity to *influence* that decision before it is made.' " (Emphasis in original.) (*Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666, 672, 467 N.E. 2d 943, 947.) The *Lee* court further stated that the decision resulting from the grievance procedure did not constitute an independent act of discrimination. The court therefore directed the lower court to affirm the order of the Commission that the charge had not been timely filed and that the Commission therefore lacked jurisdiction.

■ Petitioner's second assertion is that a continuing violation exists for purposes of staying the running of the limitations period, because other individuals had been hired by Amax in deference to petitioner's "right to be rehired." We find petitioner's claim of a "continuing violation" to be devoid of merit. If it were the case that so long as an act remains unrevoked the limitation period continues to run, the Human Rights Act's 180-day limitation period would have no meaning. For this reason, petitioner's argument was rejected in *EEOC v. Cushman & Wakefield, Inc.* (S.D.N.Y. 1986), 643 F. Supp. 209, wherein the court stated:

> "Under counsel's argument, any time an employee is improperly dismissed, the employer would have a continuing duty to reinstate the employee, and the statute of limitations would never begin to run. In essence, the statute of limitations would become a nullity ***. '[A]cts concerning hiring and termination do not constitute continuing violations ***.' " 643 F. 2d 209, 214.

Illinois law is no different, as evidenced by *Lee v. Human Rights Com.* (1984), 126 Ill. App. 3d 666, 467 N.E. 2d 943. In *Lee*, the court considered the plaintiff's argument of a "continuing violation" because he had called the company four times in an attempt to be reinstated to his job. However, the court held that the attempts to gain reinstatement were not independent of the decision to discharge him; therefore, they could not be viewed as independent acts of discrimination for purposes of triggering the 180-day period and having it relate back to the date of discharge. (126 Ill. App. 3d 666, 672, 467 N.E. 2d 943, 947.) The *Lee* court, holding that events subsequent to the original refusal to reinstate were "similar to the pursuance of a grievance procedure," rejected the plaintiff's argument and directed the lower court to affirm the order of the Commission that the charge had not been timely filed and that it therefore lacked jurisdiction. 126 Ill.

App. 3d 666, 672, 467 N.E. 2d 943, 947.

In the instant case, petitioner makes no allegation that he attempted to get reinstated. Rather, he seems to contend that every time Amax hires an individual to work in the same area where he was employed, that hiring constitutes a violation of his civil rights. Following the rationale of *Lee*, if a discharged employee's own active attempts to regain his position do not constitute independent acts of discrimination, then the petitioner's inactivity in the instant case, while Amax hires employees it considers to be capable of performing the work, cannot constitute such independent acts of discrimination.

■ We find nothing in the instant case that excused petitioner from filing his charge within the required 180 days following his layoff. Since petitioner filed his charge of a civil rights violation more than 180 days after his dismissal, it was untimely filed and was properly dismissed by the Commission for lack of jurisdiction.

For the reasons expressed herein, we deny petitioner's petition for administrative review and affirm the order of the Human Rights Commission dismissing petitioner's charge for lack of jurisdiction.

Affirmed.

KARNS, P.J., and HARRISON, J., concur.