**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200340-U

Order filed June 2, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| DULCINEA HAWKSWORTH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | Petition for Review of an Order of the |
| | ) | Illinois Human Rights Commission. |
| ILLINOIS HUMAN RIGHTS COMMISSION, | ) | |
| ILLINOIS DEPARTMENT OF HUMAN | ) | Charge No. 2018 CP 2997 |
| RIGHTS, and THORNTON'S, INC., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |
| | ) | |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Hauptman and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The Illinois Human Rights Commission did not err when it upheld the Illinois Department of Human Rights' dismissal of the petitioner's discrimination charge for lack of jurisdiction.

¶ 2    The petitioner, Dulcinea Hawksworth, filed a charge against the respondent, Thornton's, Inc., with the Illinois Department of Human Rights (the Department) alleging that Thornton's unlawfully discriminated against her, thereby denying her the full and equal enjoyment of one of

its stores.  The Department dismissed the charge as untimely filed, a decision that was upheld by the Illinois Human Rights Commission (the Commission).  On appeal to this court, Hawksworth argues that she timely filed her charge such that the Commission's decision was erroneous.  We affirm.

¶ 3                                    I.  BACKGROUND

¶ 4        On July 4, 2017, Hawksworth went to a gas station convenience store, Thornton's, in her neighborhood.  On this particular occasion, Hawksworth was accompanied by her service dog, which helped her manage her visual impairment and chronic neurological disorder.  It is undisputed that Hawksworth was not allowed to enter the store with her service dog on that date.  There is further information in the record on appeal to indicate that the store's manager told Hawksworth she was prohibited from entering the store with her service dog because the dog did not have an identifying badge.

¶ 5        On July 27, 2017, Hawksworth visited the store again, this time without her service dog.  While inside, she slipped and fell on some spilled water and sustained an injury.  It is undisputed that (1) no one told Hawksworth on that date that she could not enter the store with her service dog, and (2) her solitary entry into the store was of her own choice.

¶ 6        Hawksworth filed a charge with the Department on January 19, 2018, alleging that based on unlawful discrimination, Thornton's denied her the full and equal enjoyment of its store on July 27, 2017, the day she sustained her physical injury.

¶ 7        On November 27, 2019, the Department dismissed Hawksworth's charge for lack of jurisdiction.  The Department found that the date of harm to Hawksworth was July 4, 2017, not July 27, 2017, such that her charge was not filed within the 180-day statute-of-limitations period.

2

¶ 8        Hawksworth appealed the dismissal of her charge to the Commission, which upheld the dismissal on July 28, 2020.  The Commission rejected Hawksworth's arguments that (1) the date of harm was July 27, 2017, and (2) Thornton's discrimination was ongoing such that "any discriminatory event within the limitation period is actionable."

¶ 9        Hawksworth appealed to this court.

¶ 10                                II.  ANALYSIS

¶ 11        On appeal, Hawksworth argues that the Commission erred when it upheld the Department's dismissal of her discrimination charge.  Her contentions in this regard are two-fold: (1) Thornton's violation of her civil rights was ongoing such that her charge was timely filed within the 180-day statute-of-limitations period, and (2) Thornton's denied her the right to bring her service dog into the store on July 27, 2017, such that an independent act of discrimination took place on that date.  Because Hawksworth's contentions are interrelated, we will address them together.

¶ 12        Our review in this case is of the Commission's decision, not that of the Department.  *Marinelli v. Illinois Human Rights Commission*, 262 Ill. App. 3d 247, 253 (1994).  The Commission's findings of fact will not be disturbed on review unless they are against the manifest weight of the evidence.  *Raintree Health Care Center v. Illinois Human Rights Commission*, 173 Ill. 2d 469, 479 (1996) (plurality opinion).  However, the Commission's conclusions of law, including any statutory interpretations, are reviewed *de novo*.  *Id.*

¶ 13        Section 5-102(a) of the Illinois Human Rights Act states that a civil rights violation occurs when a person, on the basis of unlawful discrimination, denies or refuses to another person "the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation[.]"  775 ILCS 5/5-102(a) (West 2016).

3

¶ 14    At the time of Thornton's allegedly discriminatory act, section 7A-102(A)(1) of the Illinois Human Rights Act provided that a charge had to be filed within 180 days of the alleged civil rights violation. 775 ILCS 5/7A-102(A)(1) (West 2016). In this case, Hawksworth filed her charge on January 19, 2018, which was beyond 180 days from July 4, 2017, but within 180 days of her slip-and-fall on July 27, 2017.

¶ 15    Hawksworth argues for the application of the "continuing violation" principle that has appeared in federal cases brought under the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.* (2016). Under that principle, she argues that "[a]lthough the plaintiff has no cause of action for an injury that occurred outside the statute of limitations period, if the discriminatory conditions continue to exist, they do have a cause of action for any injury that occurred within the limitations period." Specifically, she contends that the discriminatory act of July 4, 2017, was ongoing when she visited the store on July 27, 2017. The record belies Hawksworth's argument. First, neither the Department's investigation report nor the Commission's decision indicates that the denial of entry on July 4, 2017, was anything except a one-time act. Those documents show that a Thornton's employee told Hawksworth that she could not enter the store with her dog. In fact, she apparently was told that the denial of entry was because the dog did not have an identifying badge; the clear import of that statement is that Hawksworth *could* enter the store with her dog in the future if the dog had such a badge. Hawksworth did not bring her dog to Thornton's on July 27, 2017, so she was not refused entry with her dog on that date. Contrary to Hawksworth's claim, there is no support for any finding that a discriminatory condition continued to exist when she returned to Thornton's on July 27, 2017.

4

¶ 16         Second, Hawksworth's argument is essentially that the allegedly ongoing discriminatory act either tolled the running of the limitations period or extended it by 23 days. Regardless of how it is phrased, this type of argument has been rightly rejected in other cases because it would entirely nullify the limitations period. See, *e.g.*, *Trembczynski v. Illinois Human Rights Commission*, 252 Ill. App. 3d 966, 969-71 (1993); *Polacek v. Illinois Human Rights Commission*, 160 Ill. App. 3d 664, 669 (1989). Illinois case law instructs that "for the purpose of the 180-day limitation period to file a complaint with [the Department], a discriminatory event will be complete and will be considered actionable at the first instant in which a complainant receives notice of the allegedly discriminatory conduct." *Cano v. Village of Dolton*, 250 Ill. App. 3d 130, 138 (1993); see also *Constant v. Turris Coal Co.*, 199 Ill. App. 3d 214, 222 (1990) (holding that the 180-day limitations period "runs from the date the claimant first received notice of the allegedly discriminatory conduct, as opposed to the time at which the harm caused by the alleged misconduct was most acutely felt"). Accordingly, we reject Hawksworth's argument as being antithetical to the plain language of section 7A-102(A)(1).

¶ 17         We likewise reject Hawksworth's contention that an independent act of discrimination took place on July 27, 2017. Again, Hawksworth did *not* allege that she tried to bring her service dog into Thornton's on July 27, 2017, and was denied the right to do so. Thus, there is nothing in the record to indicate that an independent act of discrimination took place on July 27, 2017 (see *Lee v. Illinois Human Rights Commission*, 126 Ill. App. 3d 666, 670-71 (1984)).

¶ 18         Hawksworth further claims that it would have been futile for her to bring her service dog to the store on July 27, 2017, because Thornton's had already made it clear that she could not enter the store with her service dog. This argument is misplaced. First, even if Thornton's had established a discriminatory "policy" against Hawksworth on July 4, 2017, we again note that

5

well settled case law instructs that the 180-day limitations period begins to run at the time of Hawksworth first receiving notice of that "policy." See *Cano*, 250 Ill. App. 3d at 138; *Constant*, 199 Ill. App. 3d at 222. Second, if no discriminatory "policy" was established on July 4, 2017, such that the denial from that date was a one-time denial, then an independent act of discrimination would have been necessary for Hawksworth's charge to be timely filed in this case. In such a situation, rather than being futile, it would have been *necessary* for Thornton's to specifically deny Hawksworth the right to enter the store with her service dog in order for an independent act of discrimination to exist on July 27, 2017. Accordingly, we reject Hawksworth's "futility" argument.

¶ 19    Under these circumstances, we hold that Hawksworth was required to bring her charge within 180 days of July 4, 2017. Because she did not do so, her charge was properly dismissed as untimely.

¶ 20                                    III. CONCLUSION

¶ 21    For the foregoing reasons, we find that the Commission did not err when it sustained the Department's dismissal of Hawksworth's charge.

¶ 22    Affirmed.

6