548 F.2d 592
 16 Fair Empl.Prac.Cas. 723,
13 Empl. Prac. Dec. P 11,560
Hilda TILLMAN, for herself and all others similarly
situated, Plaintiff-Appellant,
v.
CITY OF BOAZ, a Municipal Corporation, Defendant-Appellee,
Billy B. Dyer, Individually and as Mayor of Boaz, Glenn
Hammett, Curtis Snead, Max Hammett, James Langley,
and John Colby, Individually and as
members of theBoaz City
Council, Defendants.
 No. 76-3328
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 11, 1977.
 Edward Still, Susan Williams Reeves, Birmingham, Ala., for plaintiff-appellant.
 Albert C. Bowen, Jr., J. Scott Vowell, Birmingham, Ala., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, HILL and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an employment discrimination action brought by Plaintiff-Appellant under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. The issue is whether Plaintiff complied with the administrative remedy provisions of 42 U.S.C. § 2000e-5 which require a charge to be filed initially with the Equal Employment Opportunity Commission (hereafter the EEOC) against each defendant before proceeding against them in the district court. In this case the district court held that the City of Boaz, Alabama (hereafter the City) was not properly a defendant and dismissed all claims against the City because the court never acquired jurisdiction under Title VII. We reverse on the following grounds.
 
 
 2
 The Plaintiff, Hilda Tillman, was employed by the City as a police radio dispatcher from February 24, 1974 until she was suspended without pay on January 24, 1975. The Mayor of the City, Billy B. Dyer, terminated her employment on February 28, 1975. Thereafter Tillman wrote a letter to the EEOC on March 13, 1975. Upon receipt, the EEOC assigned a charge number to the letter and furnished Tillman with the official charge form (EEOC Form 5). In her letter of March 13, 1975, Tillman wrote, "I would like to file a claim against the City of Boaz . . ." and proceeded to describe the alleged discriminatory acts. The charge form, when completed and filed, listed "Mayor Billy B. Dyer (sic) City of Boaz" as the employer(s) who discriminated against her. Tillman also incorporated by reference into the charge form her letter of March 13, 1975. The EEOC investigated the claim against both the City and the Mayor and issued a Right to Sue letter on November 17, 1975 pursuant to statute. Tillman filed her complaint against the City, the Mayor, and five members of the City Council in district court on November 26, 1975. The claim against the City was dismissed and plaintiff appealed.
 
 
 3
 Charges filed with the EEOC must be liberally construed because they are made by persons who are unfamiliar with the technicalities of formal pleadings and who usually do not have the assistance of an attorney.[1] Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970); Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture Machine Operators of the United States and Canada, 525 F.2d 1354 (9th Cir. 1975); Equal Employment Opportunity Commission v. Western Publishing Co., Inc., 502 F.2d 599 (8th Cir. 1974). Weight and credibility should be given to the construction or meaning the EEOC gives to charges filed with them. Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979 (1973).
 
 
 4
 Tillman's letter of March 13, 1975 specifically charges the City with an unlawful employment practice and is incorporated by reference into the charge form. The EEOC investigated the City and the Mayor. Thus, it is sufficiently clear from these documents that the charge was made against both the Mayor, acting as a city official, and the City. Further, the reinstatement requested by Tillman could only be granted by the City as her employer.
 
 
 5
 For the foregoing reasons the order dismissing the City is reversed and the Plaintiff's complaint reinstated.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409. Part I
 
 
 [1]
 Letters such as the one written by Tillman are sufficient to initiate the processes of the EEOC. Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Georgia Power Co. v. Equal Employment Opportunity Commission, 412 F.2d 462 (5th Cir. 1969)