Bessie ROLIN, Plaintiff,

v.

ESCAMBIA COUNTY BOARD OF EDUCATION, et al., Defendants.

Civ. A. No. 88–0314–AH.

United States District Court,
S.D. Alabama, S.D.

Aug. 15, 1990.

Susan Williams Reeves, Birmingham, Ala., for defendants.

Henry H. Caddell of Thiry, Maples, Brunson & Caddell, Mobile, Ala., for plaintiff.

## ORDER

HOWARD, Chief Judge.

■ This matter is before the Court on the following pleadings:

1) defendants' motion to dismiss (# 5);

2) defendants' brief in support of said motion (# 8½);

3) plaintiff's response to the motion to dismiss (# 9);

4) plaintiff's motion to amend the complaint (# 10);

5) defendants' supplemental brief in support of the motion to dismiss (# 17);

6) plaintiff's response to defendants' supplemental brief (# 18);

7) plaintiff's motion for leave to add defendants (# 19);

8) plaintiff's amended motion for leave to add defendants (# 20);

9) defendants' opposition to plaintiff's motion to add defendants (# 21);

10) defendants' opposition to plaintiff's amended motion to add defendants (# 22); AND

11) plaintiff's response to defendants' opposition to the motion to add defendants (# 27).

The Court will address each motion and response thereto in turn.

*"Defendants' Motion To Dismiss"*

*"Motion For Leave To Amend"*

The defendants raise five grounds in their motion to dismiss. The first ground is that plaintiff's Title VII claims are due to be dismissed since plaintiff failed to allege in her complaint that she has received her right-to-sue notice from the EEOC. A review of the complaint shows that, more precisely, the plaintiff specifically acknowledged that she had not received her right to sue notice at the time of the filing of her complaint. *See* page 2, footnote 1, of the complaint which states "The plaintiff will amend her complaint to perfect Title VII jurisdiction when she receives her Right to Sue letter she has requested from the United States Justice Department."

The law is clear that receipt of the right-to-sue notice is a *prerequisite* to the filing of a Title VII action: "Before instituting a Title VII suit in federal district court, a private plaintiff *must* file an EEOC complaint within 180 days of the alleged discrimination *and must receive statutory notice of the right to sue the respondent named in the charge." Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992, 999 (11th Cir.1982) (emphasis added). By her own admission the plaintiff had not, at the time of the filing of her complaint, satisfied the conditions precedent to the filing of her Title VII claims in federal court. The Court is at a loss as to why plaintiff's counsel filed the Title VII claims prior to receipt of the right-to-sue notice when they knew such filing was premature.

However, the plaintiff subsequently did receive her right-to-sue notice as is reflected in her motion to amend the complaint to plead same. The timely filing of a discrimination charge with the EEOC and later with the federal court is not a jurisdictional prerequisite, but is, rather, "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Brown v. Reliable Sheet Metal Works, Inc.*, 852 F.2d 932, 934 (7th Cir.1988) ("A series of Supreme Court decisions ... make clear that Title VII's ninety-day filing period is subject both to waiver ... and equitable tolling."); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (holding that the filing of the right-to-sue letter did not constitute the commencement of an action). The Court did not specifically state that the doctrine of equitable tolling might apply, but it did state that it did not find "anything in the record to call for" the application of said doctrine under the facts of that case.

Here, this Court is facing the situation in which the plaintiff filed her Title VII action prematurely; the above-quoted cases deal with the situation in which the plaintiff filed her Title VII action tardily. However, here the plaintiff did move to amend her complaint promptly after receipt of the right-to-sue notice. Because timely filing is not jurisdictional, because the plaintiff promptly moved to amend the complaint to reflect that she had received her right-to-sue notice, because the defendants have not claimed they were prejudiced by the premature filing, and because dismissal of plaintiff's Title VII claims at this point would result in needless delay and expense[1], the Court, under the facts of this action, GRANTS the motion to amend the

---

**1.** If the Court dismissed the plaintiff's Title VII claims at this point in time (more than 90 days after her receipt of the right-to-sue notice) then she would have to refile such claims. Upon refiling, the Court would most likely have to toll equitably the period of time which lapsed in this present action between the date the plaintiff moved to amend her complaint and the date this Court dismissed the Title VII claims. Such course of action would result in unnecessary and wasted time, expense, and judicial economy.

complaint to reflect the receipt of the right-to-sue notice. The motion to dismiss plaintiff's Title VII claims on the right-to-sue ground is DENIED.

■ The defendants seek a dismissal of plaintiff's Title VII sex discrimination claims on the ground that such claims were not raised in plaintiff's complaint filed with the EEOC and are, therefore, barred from being raised in this action. The complaint filed in this Court alleges sex, race, and age discrimination. The defendants assert that the charge filed with the EEOC alleges only race and age discrimination.

As noted by the court of appeals, "[t]he starting point for determining the permissible scope of the judicial complaint is the EEOC charge and investigation." *Eastland v. Tennessee Valley Authority*, 714 F.2d 1066, 1067 (11th Cir.1983) (citation omitted). For almost twenty years the rule in this circuit has been that the charges filed with the EEOC are to be liberally construed. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970)[2]. *Sanchez* teaches that the limit of the permissible scope of the civil action is "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*, at 466. Normally, "[w]eight and credibility should be given to the construction or meaning the EEOC gives to charges filed with them [sic]." *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir.1977) (citation omitted). In this case, however, there is no evidence in the record as to the construction or meaning the EEOC gave to the charges filed by the plaintiff. For this reason the Court will construe the EEOC charge without reference to the EEOC's construction of same.

The Court is of the opinion, and so finds, that the plaintiff did reasonably assert a sex discrimination claim in the EEOC charge and that the scope of the EEOC investigation could have been reasonably expected to encompass a sex discrimination claim based on the charge as filed with the EEOC. Plaintiff's EEOC charge states in part, "Mr. Hubert Payne, Negro, principal of Escambia County Middle School told me [plaintiff] that he was not going to hire a woman to full-time janitor." This statement is sufficient, under the liberal construction mandated, to set forth a claim of sex discrimination. The Court is cognizant of the fact that the plaintiff also states in her EEOC charge that the school system hired a "Negro female" after the plaintiff had been hired. At first blush, this statement would appear to be inconsistent with a claim of sex discrimination. Although plaintiff might not establish her claim of sex discrimination at trial[3], the Court is not willing to dismiss these two statements as irrelevant merely because they might be contradictory. The appropriate avenue is to construe liberally the EEOC charge as mandated by *Sanchez* and *Tillman* and to let the merits of the sex discrimination claim be resolved at trial. Additionally, it is not dispositive that the plaintiff did not check the box next to "sex" in the section of the EEOC charge which directs the complainant to check the base(s) of the alleged discrimination. *See Sanchez*, 431 F.2d at 463 ("[W]e decline to hold that the failure to place a check mark in the correct box is a fatal error. In the context of Title VII, no one—not even the unschooled—should be boxed out."). Accordingly, it is ORDERED that the motion to dismiss the sex discrimination claims is DENIED.

*See also Tillman v. City of Boaz*, 548 F.2d 592, 593 (5th Cir.1977) ("Charges filed with the EEOC must be liberally construed because they are made by persons who are unfamiliar with the technicalities of formal pleadings and who usually do not have the assistance of an attorney." (citations omitted; footnote omitted).

**2.** "We must ever be mindful that the provisions of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees. This protection must be extended to even the most unlettered and unsophisticated. It cannot be doubted that 'a large number of the charges filed with [the] EEOC are filed by ordinary people unschooled in the technicalities of the law.' *King v. Georgia Power Co.*, (N.D.Ga.1968) 295 F.Supp. 943, 947. This fact can only point us in the direction of liberal procedural rules." *Sanchez*, 431 F.2d at 463.

**3.** By this discussion, the Court does not intend to intimate a view one way or the other on the likelihood of success or failure of the plaintiff's claims.

■ The third basis of the motion to dismiss is that the individual defendants are due to be dismissed from the Title VII claims because the individual defendants were not named in the EEOC charge. The individual defendants named in the federal complaint are the members of the defendant Board. They are sued in their official and individual capacities. It is true that the plaintiff named only the defendant Board in the EEOC[4] charge. This fact alone does not warrant an automatic dismissal of the individual defendants; further inquiry is required.

In a decision binding on this Court, the Court of Appeals for the Fifth Circuit stated, "The reasonable limits of an investigation potentially triggered by an EEOC charge define not only the substantive limits of a subsequent Title VII action, *but also the parties potentially liable in that action."* Terrell v. United States Pipe & Foundry Co.,* 644 F.2d 1112, 1123 (5th Cir.1981) (emphasis added) (citations omitted). In *Terrell* the court found that the charge filed with the EEOC alleging discrimination by a union failed to implicate sufficiently the international union in the alleged discrimination: "These charges [the EEOC charges] failed to allege specific conduct which clearly implicated the Internationals. Quite reasonably, the EEOC then omitted the Internationals in its investigative and conciliatory efforts. The Internationals thus failed even to receive informal notice that they had been named ..." *Id.,* 644 F.2d at 1124. In an earlier action the court of appeals found that the EEOC charge in that case encompassed the city of Boaz and the mayor, in spite of the fact that the plaintiff's initial letter to the EEOC named only the city as the discriminating party. There the plaintiff instigated EEOC action by writing a letter to the EEOC (alleging that the city had discrimi-

nated against her). The EEOC then furnished the plaintiff with a charge form which the plaintiff completed, naming the mayor as the discriminating party. The court found that the completed charge form incorporated by reference the prior letter and that the proper parties were the city and the mayor. In so finding, the court noted that "the reinstatement requested by [the plaintiff] could only be granted by the City as her employer." *Tillman,* 548 F.2d at 594. In *Long v. State of Florida,* the Court of Appeals for the Eleventh Circuit held that the district court did not err in refusing to dismiss the individually named defendants. There the court noted that those individuals were sued in their official capacities only and that "[a]lthough the EEOC charges failed to name these defendants specifically, they had notice of the charges through their official roles as chief executives of the affected state agencies and departments." *Id.,* 805 F.2d 1542, 1547 (11th Cir.1986) *rev'd sub. nom on other grounds, Florida v. Long,* 487 U.S. 223, 108 S.Ct. 2354, 101 L.Ed.2d 206 (1988).

■ Here, the individually named defendants are members of the school board, and the school board was in fact named as the discriminating employer in the EEOC charge. In their official capacities, the individual defendants were agents of the Board.[5] Accordingly, it is ORDERED that the motion to dismiss the Title VII claims against the individual defendants in their official capacities is DENIED. However, Title VII actions can only be maintained against individual defendants in their official capacities, not in their individual capacities.[6] Accordingly, it is ORDERED that the motion to dismiss the Title VII claims against the individual defendants in their individual capacities is GRANTED.

---

4. The plaintiff mentioned a Mr. Hubert Payne in the EEOC charge, but Mr. Payne is not one of the individual defendants named in the complaint filed in this Court, and, hence, is not a defendant.

5. *See e.g., Clanton v. Orleans Parish School Board,* 649 F.2d 1084, 1094–95, n. 13 (5th Cir. 1981).

6. By definition, Title VII actions are suits against the *employer* for unlawful *employment* practices. 42 U.S.C. § 2000e–2(a) and 42 U.S.C. § 2000e (b).

As their fourth and fifth grounds, the defendants have also moved to dismiss plaintiff's § 1983 claims against the defendant Escambia Board of Education ("Board") and against the named individual members in their official capacities of the Board [7] on the ground that such claims are barred by the doctrine of sovereign immunity as established by the eleventh amendment to the United States Constitution [8]. This issue presents the most difficult question for the Court to decide.

When faced with this issue, the United States Supreme Court stated

The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Dept. of Treasury, supra,* [323 U.S. 459, 464–466, 65 S.Ct. 347, 350–351, 89 L.Ed. 389 (1945)], but does not extend to counties and similar municipal corporations. See *Lincoln County v. Luning*, 133 U.S. 529, 530, 10 S.Ct. 363, 33 L.Ed. 766 (1890); *Moor v. County of Alameda*, 411 U.S. 693, 717–721, 93 S.Ct. 1785, 1799–1801, 36 L.Ed.2d 596 (1973). The issue here thus turns on whether the Mt. Healthy Board of Education is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend. The answer depends, at least in part, upon the nature of the entity created by state law.

*Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

The Court of Appeals For The Eleventh Circuit set forth the following factors a federal court is to consider when deciding the question of whether the entity is an instrumentality of the state: "Factors that bear on this determination include the definition of 'state' and 'political subdivision', the state's degree of control over the entity, and the fiscal autonomy of the entity." *Fouche v. The Jekyll Island–State Park Authority*, 713 F.2d 1518, 1520 (11th Cir. 1983) (citations omitted). *Accord Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985).

A few years after the *Mt. Healthy* decision, the Supreme Court held that actions for injunctive relief against a state or its instrumentality in federal court are also barred by the eleventh amendment. *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

A reading of the *Code of Alabama* reveals the following information relevant in this Court's *Mt. Healthy* analysis. The county board of education members are elected by "the qualified electors of the county" (ALA.CODE § 16–8–1). The board members receive compensation "from the public funds of the county" (ALA.CODE § 16–8–5). The Board has the right to buy, lease, and sell real and personal property for school purposes. The Board is permitted to sue and contract, and it may be sued on such contracts. (ALA.CODE § 16–8–40; *Sims v. Etowah County Board of Education*, 337 So.2d 1310 (Ala.1976)). The Board is invested with "the general administration and supervision" of local public schools (ALA.CODE §§ 16–8–8 & –9). Further, the Board "determine[s] and establish[es] a written educational policy for the county" (ALA.CODE § 16–8–10). Additional evidence of local control is demonstrated by the requirement that the Board hold "a meeting for the purpose of giving the public an opportunity of presenting to the board matters relating to the allotment of public school funds or any other matter relating to the administration of the public schools of the county." (ALA.CODE § 16–8–3). The Board "may issue and sell

---

7. As set forth in the complaint, the named individual members of the Board who are sued in their official capacities include David Brantley, Alvin D. Johnson, Raymond J. Beasley, Sr., Lawrence E. Dickenson, Fred S. Salter, Sr., and James R. Staff.

8. The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

interest-bearing tax anticipation warrants" (ALA.CODE § 16–13–70 *et seq.*). All local money raised for the support of public schools by taxation is apportioned and expended in the district(s) or counties in which it was raised, under such rules and regulations as the county or city board of education may proscribe (ALA.CODE § 16–13–32). The *Code* also provides for the use of county sales and use tax funds for general educational purposes (ALA. CODE § 16–13–37). The Board may "borrow money in anticipation of the current revenues for that fiscal year" (ALA.CODE § 16–13–145) or "in anticipation of [authorized] warrants" (ALA.CODE § 16–13–211).

It is true, as the defendants assert, that the state of Alabama exercises some degree of control over the county boards of education. *See* the statutory citations in defendants' brief, pp. 5–7). That the county boards of education are not completely autonomous is not disputed. What is disputed is the extent of the state's control over the county boards. A very significant factor is that any award of monetary damages (if the plaintiff proves to be successful on her causes of action) would be paid from the coffers of the county, *not* from the state treasury.

The Court is aware that the Alabama Supreme Court has ruled that county boards of education are immune from tort suits under the eleventh amendment. *Hutt v. Etowah County Board of Education*, 454 So.2d 973, 974 (Ala.1984). However, as noted by another judge of this Court[9], the immunity which the defendant Escambia County Board of Education claims "is limited to state-created tort actions," and "the immunity provided by state law does not bar a federally-created cause of action." *Smith v. Dallas County Board of Education*, 480 F.Supp. 1324, 1336, n. 2 (S.D. Ala.1979).

This Court finds under the *Mt. Healthy* analysis that the county board of education is not an entity of the state for purposes of eleventh amendment immunity. Hence, the defendant Board is not entitled to the protection of the doctrine of sovereign immunity as to plaintiff's § 1983 causes of action. *Accord Smith*, 480 F.Supp. at 1336; *Andrews v. Coffee County Board of Education*, No. 87–D–1095–S, 1988 WL 214509 (M.D.Ala. January 15, 1988); *Coleman v. Lowndes County Board of Education*, No. 88–V–220–N (M.D.Ala. May 5, 1988).

■ Likewise, the individual members of the Board sued in their official capacities are not entitled to eleventh amendment immunity as to plaintiff's § 1983 causes of action. This is because "[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). *Accord Brandon v. Holt*, 469 U.S. 464, 472, n. 21, 105 S.Ct. 873, 878, n. 21, 83 L.Ed.2d 878 (1985).

Accordingly, it is ORDERED that the defendants' motion to dismiss, on the ground on eleventh amendment immunity, the plaintiff's § 1983 causes of action against the Board and against the individual board members in their official capacities is DENIED.

*"Motion For Leave To Add Party Defendants"*

*"Defendants' Motion Opposing The Amendment Adding Defendants"*

*"Amended Motion For Leave To Add Party Defendants"*

*"Defendants' Response To Second Motion For Leave To Add Party–Defendants"*

*"Plaintiff's Response To The Second Motion For Leave To Add Party–Defendants"*

After due consideration of the above listed pleadings, the Court makes the following rulings. It is ORDERED that the "Motion For Leave To Add Party Defendants" (# 19), namely, to add Herbert M. Payne,

---

9. The Hon. William Brevard Hand.

Willie J. Grissett, and Eugene Madison, is GRANTED. It is ORDERED that the "Amended Motion For Leave To Add Party Defendants" (# 20) is DENIED on the ground that said motion was filed untimely.