**Valerie DUNN,**

v.

**UNIROYAL CHEMICAL COMPANY, INC., and Lofton Corporation.**

**Civil Action No. 01–408–B–M1.**

United States District Court,
M.D. Louisiana.

Aug. 21, 2001.

James S. Holt, Baton Rouge, LA, for Valerie Dunn.

Valerie Dunn, St. Gabriel, LA, pro se.

G. Phillip Shuler, III, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, D. Scott Landry, Chaffe, McCall, Phillips, Toler & Sarpy, Baton Rouge, LA, for Uniroyal Chemical Co., Inc.

Nora M. Stelly, Allen & Gooch, Lafayette, LA, for Lofton Corp.

## RULING ON MOTION TO DISMISS

POLOZOLA, Chief Judge.

This matter is before the Court on a Motion to Dismiss [1] filed by Uniroyal Chemical Corporation ("Uniroyal") for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has filed a Memorandum in Opposition to the Motion to Dismiss.[2] For reasons which follow, the motion is granted.

### I. Background

Plaintiff Valerie Dunn has been employed by Lofton Corporation, ("Lofton") a temporary staffing agency, since August of 1997. Her current position is that of Security Guard/Store Room Clerk at the Uniroyal Chemical Plant.[3] Dunn alleges that she has been subjected to racial discrimi-

---

1. Rec. Doc. No. 8.

2. Rec. Doc. No. 12.

3. Plaintiff's Verified Complaint, III(2); Rec. Doc. No. 1.

nation and hostile treatment in the workplace which has affected her work performance.[4] The plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Lofton Corporation and received a Right–to–Sue letter. The plaintiff then instituted this action pursuant to Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e, and Title 42 U.S.C. § 1981 for violations of her employment rights on the basis of race.

The defendant Lofton Corporation filed an Answer[5] to the plaintiff's complaint. Uniroyal filed a Motion to Dismiss[6] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and a Memorandum in Support of its motion.[7] No oral argument is required on this motion.

## II. Law and Analysis

### A. Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)

When considering a motion to dismiss for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6), the Court will only dismiss a claim if it is clear that the plaintiff could prove no facts which would entitle plaintiff to relief under the law.[8] The

Court must take the plaintiff's allegations in the complaint as true.[9] Therefore, this Court must examine the applicable law and the allegations set forth in the complaint and determine whether or not the plaintiff's claim is sufficient to survive a Rule 12(b)(6) motion.

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[10] The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[11] The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[12] This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[13] While the Court must accept as true the complaint's well-pleaded allegation, this Court and the Fifth Circuit Court of Appeals have noted that "the plaintiff must plead specific facts, not mere conclusory allegations."[14]

4. Plaintiff's Verified Complaint, III(4,5); Rec. Doc. No. 1.

5. Rec. Doc. No. 5.

6. Rec. Doc. No. 8.

7. Rec. Doc. No. 9.

8. *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

9. *Id.*

10. *Shipp v. McMahon,* 234 F.3d 907, 911 (5th Cir.2000); *cert. denied* 532 U.S. 1052, 121 S.Ct. 2193, 149 L.Ed.2d 1024 (2001)(quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982)).

11. *Shipp,* 234 F.3d at 911; *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir.), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

12. *Shipp,* 234 F.3d at 911; *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

13. 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed.1990).

14. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284–85 (5th Cir.1993); *Hornsby v. Enterprise Transportation Co.,* 987 F.Supp. 512, 516 (M.D.La.1997)(citing *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992)).

### B. Uniroyal as an "Employer" under Title VII

A review of the complaint reveals that plaintiff sued both Uniroyal and Lofton. It is clear that Lofton was plaintiff's employer. What the Court must determine under the facts of this case is whether Uniroyal can also be considered plaintiff's employer. Determining whether a defendant is an "employer" under Title VII involves a two-step process: (1) the defendant must fall within the statutory definition; and, (2) there must be an employment relationship between the plaintiff and the defendant.[15] It is clear from the pleadings that Uniroyal does not meet the second prong of this test since there is no employment relationship between the plaintiff and Uniroyal. The plaintiff is employed by Lofton, a temporary staffing agency.

A variety of tests have been utilized to determine whether a person is considered an employee of a defendant. Under the "economic realities" test, "persons are considered employees if they, 'as a matter of economic reality, are dependant upon the business to which they render service.'"[16] The test most commonly used by the majority of the courts is a hybrid which "considers the 'economic realities' of the work relationship as an important factor in the calculus, but which focuses more on 'the extent of the employer's right to control the "means and manner" of the worker's performance ...'"[17]

The plaintiff was assigned to Uniroyal and is subject to the policies and procedures of Uniroyal; however, the plaintiff is paid by Lofton and can be reassigned by Lofton at any time. Uniroyal's contract is with Lofton. Lofton has a contract with Dunn. There is no employment contract, written or otherwise, between Uniroyal and Dunn. Thus, the plaintiff's employment is not solely dependent upon the business to which she is rendering service, nor is she under Uniroyal's complete control over the "means and manner" of her work. The fact that the plaintiff only filed a complaint against Lofton with the EEOC is further support of the Court's finding. In short, the Court finds that Uniroyal is not an employer of the plaintiff as a matter of fact and law.

### C. Failure to name Uniroyal in EEOC complaint

Generally, a party not named in an EEOC charge may not be sued under Title VII unless there is a "clear identity of interest between it and the party named in the charge or it has unfairly prevented the filing of an EEOC charge."[18] However, "charges filed with the EEOC must be liberally construed because they are made by persons who are unfamiliar with the technicalities of formal pleadings and who usually do not have the assistance of an attorney."[19]

In this instance, Uniroyal was not named as a respondent in the plaintiff's

**15.** *Deal v. State Farm Mutual Insurance Co. of Texas*, 5 F.3d 117, 118 (5th Cir.1993); *see generally Fields v. Hallsville Independent School Dist.*, 906 F.2d 1017, 1019 (5th Cir. 1990), *cert. denied*, 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991).

**16.** *Mares v. Marsh*, 777 F.2d 1066, 1067 (5th Cir.1985) *citing Hickey v. Arkla Industries, Inc.*, 699 F.2d 748, 751 (5th Cir.1983) (*citing Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir.1975), *quoting Bartels v. Birmingham*, 332 U.S. 126, 130, 67 S.Ct. 1547, 1550, 91 L.Ed. 1947, 1953 (1947)).

**17.** *Id.* citing *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C.Cir.1979).

**18.** *Way v. Mueller Brass Company*, 840 F.2d 303, 307 (5th Cir.1988) *citing Romain v. Kurek*, 772 F.2d 281, 283 (6th Cir.1985).

**19.** *Tillman v. City of Boaz*, 548 F.2d 592, 594 (5th Cir.1977).

initial complaint of race discrimination filed with the EEOC. Plaintiff only named Lofton in her EEOC complaint and the only allegations in the EEOC complaint pertain to Lofton. Uniroyal was not put on notice that a charge was being filed against it nor was it afforded an opportunity to respond or otherwise resolve the charges at the EEOC level.[20] Uniroyal was never mentioned in the charge nor investigated by the EEOC pursuant to the charge. Furthermore, Uniroyal was never involved in any administrative proceedings involving the charge before the EEOC. The Right to Sue letter only pertains to Lofton. There are no facts alleged which sufficiently establish an "identity of interest" between Lofton and Uniroyal for the purposes of the EEOC complaint. Lofton and Uniroyal are not related closely enough as businesses that a complaint filed against Lofton would also serve to put Uniroyal on notice that it was also being investigated.[21] Thus, Uniroyal is not a proper defendant in the instant suit for the further reason that the plaintiff failed to exhaust administrative remedies against Uniroyal.

### D. Action pursuant to 42 U.S.C.1981

■■■■ Plaintiff also filed a claim pursuant to 42 U.S.C. § 1981 against Lofton and Uniroyal. Section 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens." [22] Furthermore, "with respect to the relationship between the employer and employee, Section 1981 protects the employee's right to make contracts and to enforce contracts." [23] "The right to make contracts prohibits the employer from refusing to hire someone because of their race or from offering to hire someone only on discriminatory terms. It does not protect the employee from any conduct by the employer after the contractual relationship has begun." [24]

The Court has already concluded that an employment contract only existed between Dunn and Lofton. The Court has also found as a matter of fact and law that no employment contract existed between Dunn and Uniroyal. Since Uniroyal has no contract with Dunn and is not her employer, plaintiff cannot bring a Section 1981 action against Uniroyal. Also, plaintiff makes no allegations in her Verified Complaint [25] which state that Uniroyal's action interfered with the employment contract between Dunn and Lofton. Therefore, plaintiff's Section 1981 claim against Uniroyal must be dismissed.

### III. Conclusion

For reasons previously assigned, the Court finds that: (1) Uniroyal is not an "employer" of Dunn under Title VII; (2) that Dunn failed to exhaust administrative remedies against Uniroyal by failing to name it as a respondent in the EEOC complaint; and, (3) Uniroyal does not have

---

**20.** *McClelland v. Herlitz, Inc.*, 704 F.Supp. 749, 752 (N.D.Tex.1989) *citing Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970).

**21.** See *Tillman*, supra, (where City was named in EEOC complaint, but both City and Mayor were investigated and participated in administrative proceedings prior to suit, thus Mayor was considered to have "identity of interest" with the City).

**22.** 42 U.S.C.A.1981

**23.** *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989).

**24.** *Carter v. South Central Bell*, 912 F.2d 832, 839 (5th Cir.1990) *citing Patterson*, 491 U.S. 164, 109 S.Ct. 2363, 2373, 105 L.Ed.2d 132 (1989).

**25.** Rec. Doc. No. 1.

a contract with Dunn, nor has Uniroyal interfered with a contract made by Dunn for the purposes of a Section 1981 action.

Therefore:

IT IS ORDERED that Uniroyal's Motion to Dismiss both the Title VII and Section 1981 claims be and it is hereby GRANTED.

IT IS SO ORDERED.