**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1795
_____

EMIR C. YAZICI,
                                        Appellant

v.

LISA BACHICHA; NISHANT MACHADO; MAC PARENT LLC,
also known as DIVIDEND RESTAURANT GROUP,
also known as SULLIVANS; SULLIVAN'S OF PITTSBURGH, LLC,
doing business as SULLIVAN'S STEAKHOUSE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-00658)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 1, 2024

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: November 25, 2024)
_____

_____

OPINION[*]
_____

PER CURIAM

Emir Yazici appeals the Magistrate Judge's order granting Appellees' motion to dismiss. For the reasons that follow, we will vacate the Magistrate Judge's order in part and remand the matter for further proceedings.

Yazici was hired to work for a restaurant owned by Appellees. After he was terminated several months later, he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). In his charge to the EEOC, Yazici alleged discrimination based on national origin and sex as well as retaliation. He asserted that he was not provided with the 20 hours of work per week that management had agreed to give him and that he was given fewer hours than female workers. He stated that he only saw male workers being terminated and that he was terminated after taking authorized leave.

After the EEOC issued him a right-to-sue letter, Yazici filed a complaint in the United States District Court of the Western District of Pennsylvania alleging employment discrimination. In his complaint, Yazici stated that the action was brought pursuant to Title VII, the Age Discrimination in Employment Act (ADEA), the Worker Adjustment and Retraining Notification (WARN) Act, and discrimination based on education. He checked off boxes indicating that the discriminatory conduct included termination of his employment,

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

failure to promote, unequal terms and conditions of employment, and retaliation. He asserted that he was discriminated against based on race (Turkish), color (White Mediterranean), gender/sex (male), religion (Muslim), and age (born in 1990). In describing the factual basis of his complaint, he alleged that he was not assigned to nice sections of the restaurant, not scheduled enough hours, made fun of for being European, forced to be a busser instead of management, had his age questioned, and that a manager had fired a male general manager and a male chef.

Appellees filed a motion to dismiss, arguing that Yazici had failed to timely file his EEOC charge, state a claim under the WARN Act, plead a violation of the ADEA or discrimination based on race or color, or plead any Title VII claim with particularity. In response to the motion to dismiss, Yazici asserted that multiple staff members at the EEOC had confirmed that his charge was timely filed. He later submitted an email, discussed below, from an EEOC employee implying that his charge would be timely. A Magistrate Judge, sitting by consent of the parties, granted the motion to dismiss. She concluded that Yazici's Title VII claims were time-barred and that he failed to plead claims under the WARN Act or ADEA.

Yazici filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the order granting Appellees' motion to dismiss de novo. *See Simko v. U.S. Steel Corp.*, 992 F.3d 198, 203–04 (3d Cir. 2021). We accept the facts alleged in the complaint as true and draw all reasonable inferences in Yazici's favor. *Id.* at 204. If a time bar is not apparent on the face of the complaint, it may not be a ground for dismissal of the claims. *See Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002).

In his brief on appeal, Yazici does not challenge the Magistrate Judge's determination that he failed to state claims under the ADEA or WARN Act. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (holding that appellants forfeited arguments by failing to develop them in their opening brief); *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (noting that "appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief"). However, he does argue that the Magistrate Judge was incorrect that his EEOC charge was untimely and states that he has proof of timeliness. Thus, we will review that determination.

As noted by the Magistrate Judge, Yazici's EEOC charge needed to be filed within 300 days after the unlawful employment practice he challenged. *See* ECF #46 at 7; 42 U.S.C. § 2000e-5(e); *Noel v. Boeing Co.*, 622 F.3d 266, 270 (3d Cir. 2010). This time period is subject to equitable doctrines such as waiver, estoppel, and tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). While Yazici states in his charge that he was terminated on March 31, 2021, and the Magistrate Judge used that date in her analysis, that appears to be a typographical error as he stated that he was hired in November 2021. In the box on the charge labeled "Date(s) Discrimination Took Place," he stated that the latest date that the discrimination took place was March 31, 2022. To the extent that he was terminated on March 31, 2022, the 300-day statute of limitations for filing an EEOC charge would have expired on January 25, 2023.

While Yazici's EEOC charge, digitally signed by him on February 17, 2023, would appear to be untimely, he alleged in his complaint that he had filed a charge with the EEOC on January 10, 2023, and provided an "incident number." *See* ECF #7 at 5. Moreover, after

4

Appellees filed their motion to dismiss, Yazici submitted an email dated January 13, 2023, from an EEOC employee stating that "[y]ou are still timely, but we don't have any available appointments until after your 300 day window so I wanted to make sure your right to file is protected." *See* ECF #29. It is unclear on the current record whether Yazici filed something that constituted a timely charge or was entitled to any equitable tolling. *Cf. Rabzak v. County of Berks*, 815 F.2d 17, 18 (3d Cir. 1987) (treating letter to EEOC as sufficient charge of discrimination for ADEA claim); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (concluding that sworn intake questionnaire contained sufficient information to constitute a charge). As we must draw all reasonable inferences in Yazici's favor as the non-movant, we conclude that, on the current record, Appellees were not entitled to the dismissal of Yazici's Title VII claims as untimely.

Accordingly, we will vacate the Magistrate Judge's order in part with respect to the conclusion that Yazici's Title VII claims were untimely filed and remand the matter for further proceedings. We express no opinion regarding the timeliness of the EEOC charge or the merits of Yazici's Title VII claims. In all other respects, we will affirm the Magistrate Judge's order. Yazici's motion to file a supplemental brief is granted. Appellees' motion to strike the supplemental brief is denied, and Yazici's motion to amend the caption is denied.